Howard M. Ehrenberg (CA State Bar No. 125527)
  *hehrenberg@sulmeyerlaw.com*
Steven F. Werth (CA Bar No. 205434)
  *swerth@sulmeyerlaw.com*
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Avenue, Suite 3400
Los Angeles, California  90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for John J. Menchaca,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:19-bk-18382-ER |
| SHOEZOO.COM, LLC, | Chapter 7 |
| | Adv. No. |
| Debtor. | |
| JOHN J. MENCHACA, Chapter 7 Trustee, | **COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS AND PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 544, 547(b), 548, 550 AND 551** |
| Plaintiff, | |
| vs. | Status Conference: |
| RICHARD FRANK LAPARL, an individual, | Date:     {To Be Set By Court} |
| Defendant. | Time:    {To Be Set By Court}<br>Place:   Courtroom 1568<br>  United States Bankruptcy Court<br>  255 East Temple Street<br>  Los Angeles, California  90012 |

For his Complaint For Avoidance And Recovery Of Fraudulent Transfers And Preferential Transfers Pursuant To 11 U.S.C. §§ 544, 547(B), 548, 550 And 551 ("Complaint"), against Richard Frank LaParl ("Defendant"), John J. Menchaca, the duly appointed and acting Chapter 7 Trustee of the estate of Shoezoo.com, LLC ("Trustee" or Plaintiff"), hereby alleges as follows:

## REQUIRED PLEADING DISCLOSURE

In accordance with the requirements of Local Bankruptcy Rule 7008-1, the Plaintiff hereby alleges that the claims for relief set forth in the Complaint constitute a core proceeding under 28 U.S.C. § 157(b), in that the claims for relief relate directly to property which may be property of the estate of Shoezoo.com, LLC ("Debtor").  Regardless of whether the claims for relief are core or non-core, Plaintiff hereby consents to the entry of final orders and judgment by the Bankruptcy Court, except as may be precluded by applicable law.

## STATEMENT OF JURISDICTION AND PROCEEDINGS

1. On July 18, 2019 ("Petition Date"), the Debtor filed a voluntary petition under chapter 7 of Title 11 of the United States Code ("Bankruptcy Code"), commencing Case No. 2:19-bk-18382-ER ("Bankruptcy Case").

2. Thereafter, John J. Menchaca was appointed as the Chapter 7 Trustee of the Debtor's bankruptcy estate ("Estate"), and he continues to act in that capacity.

3. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a) and General Order No. 242-A of the District Court for the Central District of California, as this is a core proceeding under 28 U.S.C. §§ 157(b)(1), (b)(2)(F), and (b)(2)(H).

4. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a) because this proceeding is related to the Debtor's bankruptcy case which is still pending.

5. Pursuant to 11 U.S.C. § 544, the Plaintiff has standing to bring this adversary proceeding on behalf of the Estate.

## PARTIES

6. The Plaintiff is the Chapter 7 trustee of the Estate, and brings this action for the benefit of the Estate and its creditors. To the extent that Plaintiff hereby asserts claims under 11 U.S.C. § 544(b), Plaintiff is informed and believes, and based thereon alleges, that there exists in these cases one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or that are not allowable only under 11 U.S.C. § 502(e) who could have avoided the respective transfers or obligations under California or other applicable law before the Petition Date.

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

7. Plaintiff was appointed as Chapter 7 trustee after the Petition Date. As a result, Plaintiff does not have personal knowledge of the facts alleged in this Complaint that occurred prior to his appointment and, therefore alleges all those facts on information and belief. Plaintiff reserves his right to amend this Complaint to allege additional claims against the Defendant and to challenge and recover transfers made to or for the benefit of the Defendant in addition to those transfers alleged in this Complaint.

8. Plaintiff is informed and believes and based thereon alleges that Defendant is an individual residing in Israel and also the County of Los Angeles. Plaintiff is informed and believes that at all relevant times, Defendant was an employee and interest holder (30% owner) of the Debtor.

9. At all relevant times, Defendant was an entity for whose benefit the recoverable transfers alleged in this Complaint were made; and/or an immediate or mediate transferee of such recoverable transfers.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

10. Prior to the Petition Date, the Debtor operated an online shoe store specializing in name brand discount shoes, and also selling apparel and related accessories.

11. On August 1, 2019, the Debtor filed a Summary of Amended Schedules, Master Mailing List, And/Or Statements [LBR 1007-1(c)] (Docket No. 13) ("SOFA").

12. The SOFA states, in Section 4, that in the year prior to the Petition Date, the Debtor made no payments aggregating to $6,825 or more, to any insiders of the Debtor.

13. In the one-year period prior to the Petition Date, from July 19, 2018 to July 18, 2019 (the "Preference Period") the Debtor made payments to Defendant by wire or by check written from the Debtor's account at Cathay Bank, ending in 1515 (the "1515 Account"), in the total amount of $34,500 (the "One-Year Transfers").

14. The payments the Debtor made to Defendant from the 1515 Account during the Preference Period were not payroll payments.

15. The One-Year Transfers are identified by amount of each individual payment and month in which the transfer was made, as follows (all of which were made by check):

1  August, 2018: $5,000

2  September, 2018: $5,000

3  October, 2018: $0

4  November, 2018: $3,000

5  December, 2018: $4,000, $3,000

6  January, 2019: $2,000, $2,500

7  February, 2019: $2,000, $3,000

8  March, 2019: $0

9  April, 2019: $0

10  May, 2019: $0

11  June, 2019: $5,000

12  16.  At the time the One-Year Transfers were made, Defendant was the 30% owner of the Debtor.

14  17.  In the Preference Period, the Debtor did not have sufficient funds to pay all of its debts, and fell behind on its payments to creditors.

16  18.  In the period prior to the Petition Date from July 18, 2017, to July 18, 2019 (the "<u>Two-Year Period</u>") the Debtor made payments to Defendant by wire or by check written from the 1515 Account in the total amount of $189,500 (the "<u>Two-Year Transfers</u>").

19  19.  The Two-Year Transfers consist of the One-Year Transfers, plus the following additional transfers identified by month and amount of each individual payment made by the Debtor to Defendant during that month (all of which were made by check, unless otherwise noted):

23  July, 2017: $0

24  August, 2017: $40,000

25  September, 2017: $36,000, $5,000

26  October, 2017: $25,000, $10,000

27  November, 2017: $0

28  December, 2017: $10,000

SFW 2686452v1                     4

1     January, 2018: $0

2     February, 2018: $5,000

3     March, 2018: $0

4     April, 2018: $19,000 (wire)

5     May, 2018: $5,000

6     June, 2018: $0

7     20.    In the period prior to the Petition Date from July 18, 2015, to July 18, 2019 (the "<u>Four-Year Period</u>") the Debtor made payments to Defendant by wire or by check written from the 1515 Account and also the Debtor's account at Cathay Bank, ending in 5892 (the "<u>5892 Account</u>") (the "<u>Four-Year Transfers</u>").

11     21.    From the period of July, 2015, through January, 2017, the Debtor made the Four-Year Transfers from the 5892 Account. From the period of January, 2017, through the end of the Four-Year Period, the Debtor made the Four-Year Transfers from the 1515 Account. The Four-Year Transfers total $574,972.35.

15     22.    The Four-Year Transfers consist of the Two-Year Transfers, plus the following additional transfer identified by month and amount of payment made during that month (all of which were made by check):

18     August, 2015: $40,000, $30,000

19     December, 2015: $50,000, $65,043.85

20     January, 2016: $428.50

21     March, 2016: $50,000, $50,000

22     June, 2016: $20,000

23     January, 2017: $50,000

24     May, 2017: $10,000

25     June, 2016: $20,000

## FIRST CLAIM FOR RELIEF

## (Avoidance And Recovery Of Preferential Transfers

## Pursuant To 11 U.S.C. §§ 547(b) and 550(a))

23. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 22 as though set forth in full.

24. Plaintiff is informed and believes, and based thereon alleges, that the One-Year Transfers were made to Defendant for the benefit of Defendant, a creditor of the Debtor at the time of the respective transfers, as that term is defined by 11 U.S.C. § 101(10).

25. Plaintiff is informed and believes, and based thereon alleges, that the One-Year Transfers were transfers of interests of the Debtor in property.

26. Plaintiff is informed and believes, and based thereon alleges, that the One-Year Transfers were made for or on account of antecedent debts allegedly owed by the Debtor to Defendant before the transfers were made.

27. Plaintiff is informed and believes, and based thereon alleges, that the One-Year Transfers were made while the Debtor was insolvent.

28. Plaintiff is informed and believes, and based thereon alleges, that the One-Year Transfers enabled Defendant to receive more than Defendant would have received if (a) the Debtor's bankruptcy case was a case under chapter 7 of title 11 of the United States Code; (b) the transfers had not been made; and (c) Defendant received payments of such debt to the extent provided by title 11 of the United States Code.

29. Interest on the One-Year Transfers has accrued and continues to accrue from the date the transfers were made.

30. Plaintiff is entitled to an order and judgment under 11 U.S.C. §§ 547(b) and 550(a) that the One-Year Transfers are avoided.

## SECOND CLAIM FOR RELIEF

**(Avoidance And Recovery Of Four-Year Transfers As Intentionally Fraudulent Transfers Pursuant To 11 U.S.C. § 544(b) And 550(a) And Cal. Civil Code § 3439.04(a)(1)) and 3439.07**

SFW 2686452v1                                6

31. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 22 as though set forth in full.

32. Plaintiff is informed and believes, and based thereon alleges, that during the four (4) year period preceding the Petition Date, the Four-Year Transfers were made to or for the benefit of the Defendant.

33. Plaintiff is informed and believes, and based thereon alleges, that the Four-Year Transfers were made with the actual intent to hinder, delay and/or defraud Debtor's creditors in that, among other things,

    a. prior to receiving the Four-Year Transfers, the Defendant did not transfer any property to the Debtor of material value, except that the Defendant transferred $100,000 to the Debtor in November, 2016, $100,000 in February, 2017, $20,000 in July 2017, $36,000 in August, 2017, and $7,000 in March, 2018, for a total of $263,000 during the four-year period prior to the Petition Date;

    b. at no time did the Debtor enter into any agreement with Defendant to repay Defendant for any monies previously transferred to the Debtor by Defendant;

    c. the Defendant is an insider of the Debtor, as at all relevant times, the Defendant was the Debtor's 30% owner;

    d. the value of any consideration transferred by the Defendant to the Debtor was not reasonably equivalent to the value of the Four-Year Transfers;

    e. at all relevant times, the Defendant has owned and controlled the Debtor. and as such, the effect of the Four-Year Transfers was to transfer property of the Debtor to an insider of the Debtor;

    f. the Four-Year Transfers effectuated a transfer of a substantial amount of the Debtor's assets;

    g. the Debtor retained possession or control of the proceeds of the Four-Year Transfers after such transfers were made;

    h. the Debtor was insolvent at the time of the Four-Year Transfers or became insolvent as a result of or shortly after the Four-Year Transfers; and

1             i.      the Four-Year Transfers occurred after the Debtor incurred substantial debt.

2     34.    At all relevant times, the Four-Year Transfers were voidable under California Civil Code §§ 3439.04(a) and 3439.07 by one or more creditors who held and hold unsecured claims against the Debtor that were and are allowable against the estate under 11 U.S.C. § 502 or that were and are not allowable only under 11 U.S.C. § 502(e).  These creditors include, without limitation, those creditors who are listed in the Debtor's schedules as holding undisputed claims or who have filed proofs of claim against the Debtor's estate.

    35.    Plaintiff is entitled to an order and judgment under 11 U.S.C. §544(b) and 550(a) that the Four-Year Transfers are avoided.

### THIRD CLAIM FOR RELIEF

**(For Avoidance And Recovery Of Four-Year Transfers Pursuant To 11 U.S.C. § 544(b) and 550(a) and Cal. Civil Code § 3439.04(a)(2) or 3439.05 and California Civil Code §3439.07**

    36.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 22, and paragraphs 31 through 35, as though set forth in full.

    37.    The Four-Year Transfers occurred within four years of the Petition Date.

    38.    Plaintiff is informed and believes, and based thereon alleges, that at the time of the Four-Year Transfers, the Debtor:  (i) was engaged in or was about to be engaged in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; (ii) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due; or (iii) the Debtor was insolvent or became insolvent as a result of the Four-Year Transfers.

    39.    Plaintiff is informed and believes, and based thereon alleges, that the Debtor made the Four-Year Transfers to the Defendant without receiving a reasonably equivalent value in exchange for the transfers.

    40.    At all relevant times, the Four-Year Transfers were voidable under California Civil Code §§ 3439.04(a)(2) or 3439.05 and California Civil Code § 3439.07 by one or more creditors who held and hold unsecured claims against the Debtor that were and are allowable against its estate under 11 U.S.C. § 502 or that were and are not allowable only under 11 U.S.C. § 502(e).

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

These creditors include, without limitation, those creditors who are listed in the Debtor's schedules as holding undisputed claims or who have filed proofs of claim against the Debtor's estate.

41. Plaintiff is entitled to an order and judgment under 11 U.S.C. §§ 544(b) and 550(a) that the Four-Year Transfers are avoided.

## FOURTH CLAIM FOR RELIEF

**(Avoidance And Recovery Of Two-Year Transfers**

**Pursuant To 11 U.S.C. §§ 548(a)(1)(A) and 550(a)**

42. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 22, and paragraphs 31 through 41, as though set forth in full.

43. Plaintiff is informed and believes, and on that basis alleges thereon, that during the two (2) year period preceding the Petition Date, the Debtor made the Two-Year Transfers to or for the benefit of Defendant.

44. The Two-Year Transfers were made by the Debtor with the actual intent to hinder, delay, or defraud the Debtor's creditors.

45. The Two-Year Transfers were made by the Debtor to or for the benefit of the Defendant, who did not provide the Debtor with reasonably equivalent value and did not take such transfer in good faith.

46. Plaintiff is entitled to an order and judgment under 11 U.S.C. §§ 548(a)(1)(A) and 550(a) that the Two-Year Transfers are avoided.

## FIFTH CLAIM FOR RELIEF

**(Avoidance and Recovery Of Two-Year Transfers**

**Pursuant To 11 U.S.C. §§ 548(a)(1)(B) and 550(a))**

47. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 22, and paragraphs 31 through 46, as though set forth in full.as though set forth in full.

48. Plaintiff is informed and believes, and based thereon alleges, that by virtue of the Two-Year Transfers: (i) the Debtor was insolvent or became insolvent as a result of such transfer;

(ii) the Debtor was engaged in or was about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction; or (iii) the Debtor intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

49. Plaintiff is informed and believes, and based thereon alleges, that the Debtor made the Two-Year Transfers to the Defendant without receiving a reasonably equivalent value in exchange for the transfers.

50. Plaintiff is entitled to an order and judgment under 11 U.S.C. §§ 548(a)(1)(B) and 550(a) that the Two-Year Transfers are avoided.

## SIXTH CLAIM FOR RELIEF

**(Recovery Of Transfers or**

**the Value Thereof Pursuant To 11 U.S.C. § 550)**

51. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 50, as though set forth in full.

52. Plaintiff is informed and believes, and based thereon alleges, that to the extent that the Defendant is not the initial transferee of the Four-Year Transfers, the Defendant is the immediate or mediate transferee of the initial transferee of such transfer.

53. The Four-Year Transfers are recoverable from Defendant as the immediate or mediate transferee of the Four-Year Transfers that the Debtor made with the actual intent to hinder, delay or defraud its creditors, including, without limitation, those creditors who are listed in the Debtor's schedules as holding undisputed claims or who have filed proofs of claim against the Debtor's estate.

54. To the extent the Four-Year Transfers are avoided, Plaintiff may recover, for the benefit of the Estate, the Four-Year Transfers, or, if the Court so orders, the value of the Four-Year Transfers.

## SEVENTH CLAIM FOR RELIEF

**(For Preservation Of Transfer Avoided Under**

**11 U.S.C. § 551)**

55. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 54 as though set forth in full.

56. Plaintiff is entitled to an order and/or judgment preserving, for the benefit of the Estate, the Four-Year Transfers once avoided.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

### ON THE FIRST CLAIM FOR RELIEF

1. For a judgment that the One-Year Transfers are avoidable as preferential transfers under 11 U.S.C. §§ 547(b) and 550(a); and/or providing any other remedy available under applicable law;

### ON THE SECOND CLAIM FOR RELIEF

2. For a judgment that the Four-Year Transfers are avoided under §§ 544(b) and 550(a) and/or providing any other remedy available under applicable law;

### ON THE THIRD CLAIM FOR RELIEF

3. For a judgment that the Four-Year Transfers are avoided under §§ 544(b) and 550(a) and/or providing any other remedy available under applicable law;

### ON THE FOURTH CLAIM FOR RELIEF

4. For a judgment that the Two-Year Transfers are avoided under §§ 548(a)(1)(A) and 550(a) and/or providing any other remedy available under applicable law;

### ON THE FIFTH CLAIM FOR RELIEF

5. For a judgment that the Two-Year Transfers are avoided under §§ 548(a)(1)(B) and 550(a) and/or providing any other remedy available under applicable law;

### ON THE SIXTH CLAIM FOR RELIEF

6. To the extent any of the Four-Year Transfers is avoided, for a judgment that Plaintiff may recover, for the benefit of the Estate, such transfer, or, if the Court so orders, the value of such transfer, under 11 U.S.C. § 550(a);

### ON THE SEVENTH CLAIM FOR RELIEF:

7. Preserving, for the benefit of the Estate, the Four-Year Transfers once the Four-Year Transfers are avoided;

SFW 2686452v1                                 11

**ON ALL CLAIMS FOR RELIEF**

8. For interest as permitted by law from the date of the Four-Year Transfers;

9. For costs of suit incurred herein, including, without limitation, attorneys' fees; and

10. For such other and further relief as the Court deems just and proper.

DATED: September 24, 2020    **Sulmeyer**Kupetz
A Professional Corporation

By: _____
Steven F. Werth
Attorneys for John J. Menchaca
Chapter 7 Trustee

SFW 2686452v1    12

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|

| **PLAINTIFFS** John J. Menchaca, Chapter 7 Trustee | **DEFENDANTS** Richard Frank LaParl, an individual |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Howard M. Ehrenberg (CA Bar No. 125527) Steven F. Werth (CA Bar No. 205434) SulmeyerKupetz, A Professional Corporation 333 S. Grand Ave., Ste. 3400, Los Angeles, CA 90071 Telephone: 213.626.2311 / Facsimile: 213.629.4520 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor ☐ Other ☒ Trustee | **PARTY** (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor ☒ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
**AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS AND PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 544, 547(b), 548, 550 AND 551**

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001 (2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/ Revocation of Discharge**
☐ 41-Objection/revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability- §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief- imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | ☐ Demand $ 574,972.35 |

Other Relief Sought

2706044



**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>SHOEZOO.COM.LLC | BANKRUPTCY CASE NO.<br>2:19-BK-18382-ER | |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE<br>CENTRAL | NAME OF JUDGE<br>ERNEST M. ROBLES |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ Steven Werth/* | | |
| DATE<br>09/24/20 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>STEVEN F. WERTH | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

